**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDSTAD PROFESSIONALS US, LLC, | * | |
| Plaintiff, | * | |
| v. | * | 1:18-CV-00940-ELR |
| JOSEPH TAMBERRINO, ERIC HOWSER, and BRYAN WATTS, | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's Motion for Expedited Discovery and to Preserve Evidence and Brief in Support. [Doc. 2]. For the reasons stated below, the Court denies Plaintiff's motion.

On March 2, 2018, Plaintiff filed a Complaint against Defendants Joseph Tamberrino, Eric Howser, and Bryan Watts. Compl. [Doc. 1]. That same day, Plaintiff filed a motion requesting expedited discovery "to develop the evidence in support of [Plaintiff's] forthcoming request for preliminary injunctive relief." [Doc. 2 at 2]. Specifically, Plaintiff requests the Court, *inter alia*, to order Defendants

> to preserve and produce for inspect, within seven (7) calendar days of entry of the Court's Order, any and all electronic devices, including but not limited to, any home and/or work computers, hard drives, flash drives, iPods, iPads, cell phones, tablets, PDAs and other external storage devices in their possession, custody or control [and] . . . to appear for a deposition upon five (5) calendar days' notice and in any event within twenty-one (21) calendar days of entry of the Court's Order.

[Id. at 3].

Generally, "[a] party may not seek discovery from any source" before a Rule 26(f) conference has been conducted. Fed. R. Civ. P. 26(d)(1). However, this timing is not absolute and may be altered by the Court. Id. Specifically, the Court may allow expedited discovery upon a showing of good cause and considering

> (1) Whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

Thyssenkrupp Elevator Corp. v. Hubbard, Civ. No. 2:13-CV-202-FTM-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013). Here, no motion for preliminary injunction is pending, Plaintiff has not served Defendants, the Court does not have a response from Defendants regarding the discovery, and Plaintiff's requests are broad and arguably burdensome.

Accordingly, the Court **DENIES** Plaintiff's Motion for Expedited Discovery and to Preserve Evidence and Brief in Support. [Doc. 2].

**SO ORDERED**, this 8th day of March, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia